IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY DAVID STANFIELD,

    Petitioner,                    No. CIV S-09-3544 KJM P

  vs.

KATHLEEN ALLISON, Warden,

    Respondent.                <u>ORDER</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondent has filed a motion to dismiss, alleging that the petition was filed outside the statute of limitations period.  Petitioner has filed a request for additional time to oppose the motion and a motion for discovery.

        Under the rules governing habeas proceedings:

> (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . .
>
> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request.  The request must also . . . specify any requested documents.

Rule 6, Rules Governing Habeas Corpus Proceedings.  Habeas petitioners are not entitled to

1

discovery as a matter of course but only when specific allegations show reason to "believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997). The burden of showing the materiality of the discovery sought is on the party seeking it. Murphy v. Johnson, 205 F.3d 809, 813-15 (5th Cir. 2000).

Petitioner seeks a number of records relating to restrictions on law library access during the limitations period, arguably as support for a claim of equitable tolling. To be entitled to equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Ninth Circuit has said that "[o]rdinary prison limitations on [ ] access to the law library and copier . . . [are] neither 'extraordinary' nor ma[k]e it 'impossible' for [an inmate] to file his petition in a timely manner." Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). Petitioner has not made any showing that would suggest that the restrictions in his case were in fact extraordinary.

IT IS THEREFORE ORDERED that:

1. Petitioner's motion for discovery (docket no. 21) is denied; and

2. Petitioner's motion for an extension of time (docket no. 22) is granted and petitioner is granted sixty days from the date of this order in which to file his opposition to the motion to dismiss. Respondent's optional reply is due within fourteen days thereafter.

DATED: November 8, 2010.

_____
U.S. MAGISTRATE JUDGE

2
stan3544.dsc