IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY DAVID STANFIELD,

    Petitioner,                       No. CIV-S-09-3544 GGH (TEMP) P [1]

    vs.

KATHLEEN ALLISON, et al.,

    Respondents.                ORDER

_____/

        Petitioner is a recently released California prisoner applying for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 2007 Butte County conviction and sentence–entered following petitioner's no contest plea–for possession of methamphetamine for sale. Respondents have filed a motion in which they argue that this matter is time-barred. Petitioner commenced this action on December 10, 2009 when he submitted his original petition for writ of habeas corpus to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988).

        The statute of limitations applicable to this action reads as follows:

        A 1-year period of limitation shall apply to an application for a writ

---

[1] The parties have consented to having a magistrate judge preside for all purposes pursuant to 28 U.S.C. Section 636(c).

1

of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, petitioner filed a direct appeal with the California Court of Appeal. Resp't's Lodged Doc. 2. The Court of Appeal issued its decision with respect to petitioner's appeal on April 15, 2008. Id. Because petitioner did not file a petition for review in the California Supreme Court, his conviction and sentence became final for purposes of 28 U.S.C. § 2244(d)(1)(A) 40 days later on May 25, 2008. Smith v. Duncan, 297 F.3d 809, 812-813 (9th Cir. 2002), abrogated on other grounds, see, Pace v. DiGuglielmo, 544 U.S. 408 (2005) as cited in Moreno v. Garrison, 245 Fed. Appx. 606 (9th Cir. 2007). The limitations period began to run the next day. Therefore, unless there is sufficient tolling of the limitations period, this action is time barred.

Title 28 U.S.C. §2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Respondent concedes that petitioner had properly filed applications for state post-conviction relief pending between April 6, 2009 and September 23, 2009. Mot. at 4. Therefore,

the court will assume that petitioner is entitled to tolling of the limitations period during that period of time. However, even assuming petitioner is entitled to this degree of tolling of the limitations period, the period still ran out before this action was commenced. The limitations period ran from May 26, 2008 to April 5, 2009 for a total of 320 days. After the tolling period identified above, the limitations period began to run again on September 24, 2009 and ran out on November 2, 2009.

Petitioner does not dispute any of the foregoing. However, he asserts he should be allowed to proceed because he is entitled to equitable tolling of the limitations period. The statute of limitations may be subject to equitable tolling if a petitioner can demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing on time. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Petitioner must show that the "extraordinary circumstance" was the cause of the untimeliness. See Spitsyn v. Moore 345 F.3d 796, 799 (9th Cir. 2003).

Essentially, petitioner blames his health for his inability to file on time. He asserts that as a result of two car accidents (he attached records regarding a 1995 accident and subsequent physical complications): 1) he is partially paralyzed on his left side; 2) he has difficulty remembering things and focusing; and 3) he takes medication which impairs his mental state. Petitioner asserts that despite all of these facts, he pursued his rights arising under 28 U.S.C. § 2254 diligently. Petitioner submits medical records with his opposition which indicate that petitioner sustained severe injuries as a result of automobile accidents. However, *nothing* attached to petitioner's opposition indicates he suffers from any mental limitations. Also, petitioner does not submit any records detailing his condition while the limitations period applicable to this action was running. Finally, petitioner fails to indicate which medication impairs his mental state, and why it apparently did not deter his filing of state habeas petitions.

The Ninth Circuit has held that mental incompetency may equitably toll the limitations period applicable to § 2254 actions because mental incompetency is an extraordinary

circumstance beyond a prisoner's control.  Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003).  In order for mental incompetence to serve as a basis for tolling of the limitations period it must have been the actual cause of the untimeliness of the habeas petition.  Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005), as amended, 447 F.3d 1165 (9th Cir. 2006) (analyzing whether causal connection between mental deficiencies and late filing existed in light of specific facts of case).  It is petitioner's burden to show equitable tolling is available.  Gaston, 417 F.3d at 1034.

Although the Supreme Court has not defined the level of mental incapacity or mental incompetency which will support a claim of equitable tolling, the Ninth Circuit has addressed the issue in a recent case.  In Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), the court articulated the test for use in determining whether mental incapacity forms a basis for equitable tolling:

> (1) *First*, a petitioner must show his mental impairment was an extraordinary circumstance beyond his control, by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Id. at 1099-1100.

With respect to severity of impairment, petitioner fails to point to anything suggesting he was, at any time, unable to comprehend the need to comply with the statute of limitations period for this action.  Petitioner asserts he has mental limitations, but nothing suggests they can be characterized as severe, as opposed to physical limitations which are severe

4

but not pertinent to the tolling issue here.  Also, petitioner fails to point to anything indicating he was or is not capable of preparing and filing a habeas petition.  As respondent notes, petitioner filed four habeas petitions in state court and petitioner fails to indicate they were not drafted by him, or, if they were not, that he could not draft them.

As for diligence, petitioner fails to point to anything indicating he does not understand his claims nor that his mental limitations are the cause in fact of petitioner filing late.  Petitioner simply generalizes regarding his condition and fails to point to anything indicating that one year, plus the time petitioner receives for tolling under 28 U.S.C. §2244(d)(2), was not more than enough time to file his § 2254 petition.  Petitioner asserts that "inadequate access to legal material or adequate assistance" (Opp'n at 2) contributed to his inability to file on time.  But, he presents no facts in support of this conclusory statement.

The court notes that in Bills, the Ninth Circuit found that a habeas petitioner asserting mental incompetency as a basis for equitable tolling is entitled to an evidentiary hearing on that issue if the petitioner "makes a non-frivolous showing that he had a severe mental impairment during the filing period . . ." Bills, 628 F.3d at 1101.  An evidentiary hearing is not warranted as there is simply nothing before the court, other than petitioner's vague and conclusory statements, indicating his mental limitations are severe at all or that they were even present during the filing period.

For all of these reasons, respondents' motion to dismiss is granted, and this case is dismissed as time-barred.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

1     Accordingly, IT IS HEREBY ORDERED that :

2     1. Respondents' August 16, 2010 motion to dismiss (#17) is granted;

3     2. This case is closed; and

4     3. The court issues the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: 03/31/2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH/kc
stan3544.157